UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DWAYNE BRUMMELL, Individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.: _____ |
| v. | CLASS AND COLLECTIVE ACTION COMPLAINT |
| K1 HVAC INC. AND KRISHNADAT SING, Jointly and Severally, | JURY TRIAL DEMANDED |
| Defendants. | |

<u>NATURE OF THE ACTION</u>

1.      Plaintiff Dwayne Brummell worked as an HVAC technician for Defendants K1 Hvac Inc. and Krishnadat Sing ("Defendants").

2.      Plaintiff alleges on his and on behalf of other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by failing to pay overtime premium pay.

3.      Plaintiff alleges on his and on behalf of other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the statutory minimum wage; (ii) failing to pay overtime premium pay; (iii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (iv) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Brummell's state law claims under 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiff Brummell's FLSA claims under 29 U.S.C. § 216(b).

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2).

4.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

THE PARTIES

5.      Plaintiff Brummell was, at all relevant times, an adult individual residing in Jamaica, New York.

6.      K1 Hvac is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York.

7.      Defendant K1 Hvac is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. It is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, tools, equipment and HVAC parts.

8.      Defendant Sing, upon information and belief, owns, operates and controls Defendant K1 HVAC's day-to-day operations and management and jointly employed Plaintiff Brummell and other similarly situated employees at all relevant times.

9.      Each Defendant, either directly or indirectly, has hired and fired Plaintiff Brummell and other employees, controlled their work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

<u>STATEMENT OF FACTS</u>

10.     K1 HVAC is an HVAC repair and installation company that is located at 107-25 116th Street, Richmond Hill, New York 11419.

11.     Defendant Sing, as owner, regularly interacts with his employees, instructing them on what to do, has the authority to hire and fire them, change their pay and pay schedules, and he keeps records regarding their hours worked and compensation.

<u>Duties Performed, Hours Worked and Number of Technicians</u>[1]

12.     Defendants employed Plaintiff Brummell as an HVAC Technician from August 7, 2018 to January 14, 2019.

13.     Plaintiff Brummell worked the following schedule for Defendants: his regular work schedule was Monday to Saturday from 6:45 a.m. to 5:00 p.m. with a thirty-minute meal break, totaling 58.5 hours; he would work, at least twice a week, to 6:00 p.m.; and he occasionally worked to 10:00 p.m.

14.     As an HVAC technician, Plaintiff Brummell's primary duties included installing and repairing air conditioners.

---

[1] These subject lines are included only for organizational purposes.

15.     Plaintiff Brummell worked with, at any one time, ten other technicians.

16.     A heavy turnover rate exits with the technicians.

Hourly Rate

17.     Defendants paid Plaintiff Brummell $100 per day.

18.     Defendants paid Plaintiff Brummell with cash.

19.     When working six days per week, Defendants paid Plaintiff Brummell $600 for the week.

20.     When working six days per week, Defendants paid Plaintiff Brummell $600 for the week, regardless of the total number of hours he worked per week.

21.     Based on his 58.5-hour regular \ work schedule and getting paid $600 per week, Defendants paid Plaintiff Brummell $10.26 per hour ($600/58.5 hours).

22.     The following is the minimum wage under the New York Labor Law for 2018 and 2019[2]:

|  | 2018 | 2019 |
|---|---|---|
| NYC employers with 11 or more employees | $13.00 | $15.00 |
| NYC employers with 10 or fewer employees | $12.00 | $13.50 |

23.     Defendants paid Plaintiff Brummell below the Labor Law's statutory minimum wage.

24.     Defendants did not pay Plaintiff Brummell overtime premium pay for any hour he worked above 40 in week.

---

[2] https://www.ny.gov/new-york-states-minimum-wage/new-york-states-minimum-wage

25.     From speaking with them and personal observations, Plaintiff Brummell knows that other technicians, like him, worked similar hours, were paid $100 per day, were not paid the statutory minimum wage and were not paid overtime.

Labor Law Notice Violations

26.     Defendants did not provide Plaintiff Brummell or the other technicians the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

27.     Defendants did not provide Plaintiff Brummell or the other technicians with a written wage statement with any wage payment.

28.     From speaking with them and personal observations, Plaintiff Brummell knows that other technicians, like him, were not provided with the § 195.1 Notice and were paid cash without any wage statement.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff Brummell asserts these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were HVAC technicians at any time since September 27, 2013 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

30.     The Class Members identified above are so numerous that joinder of all Members is impracticable. Although the precise number of them is unknown to Plaintiff Brummell and Defendants have sole control of the facts necessary to calculate the actual number, Plaintiff Brummell estimates, upon information and belief, more than 50 Class Members exist.

31.    Plaintiff Brummell's claims are typical of the Class Members', and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

32.    Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

33.    Plaintiff Brummell is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

34.    Plaintiff Brummell has the same interest in this matter as all other Class Members and his claims are typical of the Class Members'.

35.    Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.    whether Defendants employed Plaintiff Brummell and the Class Members, individually or jointly, within the meaning of the Labor Law;

b.    whether Defendants failed to keep true and accurate time records for all hours Plaintiff Brummell and the Class Members worked;

c.    what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendants failed or refused to pay the Class Members the statutory minimum wage;

e.      whether Defendants failed or refused to pay the Class Members overtime premium pay for all hours worked in excess of 40 hours per workweek;

f.      whether Defendants failed to provide the Class Members with a wage statement with every wage payment as N.Y. Lab. Law § 195.3 requires;

g.      whether Defendants failed to provide the Class Members with the required notice under N.Y. Lab. Law § 195.1

h.      whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff Brummell and the Class Members are employed;

i.      whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

j.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

COLLECTIVE ACTION ALLEGATIONS

36.   Under 29 U.S.C. § 206, Plaintiff Brummell seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were HVAC technicians at any time since September 27, 2016 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

37.   Plaintiff Brummell and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.      Defendants employed the Collective Action Members;

       b.     Collective Action Members performed similar duties;

       c.     Defendants failed to keep true and accurate time records for all hours Plaintiff Brummell and the Collective Action Members worked;

       d.     Defendants willfully or recklessly violated the FLSA;

       e.     Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of 40 hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

       f.     Defendants should be enjoined from violating the FLSA in the future; and

       g.     The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

FIRST CAUSE OF ACTION

FAILURE TO PAY THE MINIMUM WAGE UNDER THE LABOR LAW

(On Behalf of Plaintiff Brummell and the Collective Action Members)

38.     Plaintiff Brummell realleges every preceding allegation as if set forth in this cause of action.

39.     Defendants are "employers" under N.Y. LAB. LAW §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Brummell and the Class Members.

40.     K1 Hvac is an employer with 11 or more employees.

41.     Defendants failed to pay Plaintiff Brummell and the Class Members the statutory minimum wage, violating the Labor Law. 12 N.Y.C.R.R. § 142-2.1; N.Y. Lab. Law § 652.

42.    Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the statutory minimum wage.

43.    Due to Defendants' Labor Law violations, Plaintiff Brummell and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff Brummell and the Collective Action Members)

44.    Plaintiff Brummell realleges every preceding allegation as if set forth in this cause of action.

45.    Plaintiff Brummell consents in writing to be a party to this action under 29 U.S.C. §216(b), which is attached to this Complaint and incorporated by reference.

46.    Defendants employed and continue to employ Plaintiff Brummell and the Collective Action Members under the FLSA.

47.    Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48.    Defendants were required to pay Plaintiff Brummell and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff Brummell and the Collective Action Members the proper overtime compensation to their employees for their hours worked in excess of forty (40) hours per workweek.

50.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

51.    Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Brummell and the Collective Action Members' compensation.

52.    Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

53.    Due to Defendants' FLSA violations, Plaintiff Brummell and the Collective Action Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and any other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Brummell and the Class Action Members)

54.    Plaintiff Brummell realleges every preceding allegation as if set forth in this cause of action.

55.    Defendants are "employers" under N.Y. LAB. LAW §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Brummell and the Class Members.

56.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Brummell and the Class Members.

57.     Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Brummell and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek. 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law § 650 *et seq.*

58.     Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

59.     Due to Defendants' Labor Law violations, Plaintiff Brummell and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Brummell and the Class Action Members)

60.     Plaintiff Brummell realleges every preceding allegation as if set forth in this cause of action.

61.     Defendants have willfully failed to supply Plaintiff Brummell and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. LAB. LAW § 195.1(a) within 10 business days of their first employment date.

62.     Due to Defendants' violations of N.Y. LAB. LAW § 195.1 through February 26, 2015, Plaintiff Brummell and the Class Members are entitled to recover from Defendants $50.00 for each work week that the violations occurred or continue to

occur, or a total of $2,500.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW Lab. Law § 198(1)-b (2014).

63.     Due to Defendants' violations of N.Y. LAB. LAW § 195.1 on or after February 27, 2015, Plaintiff Brummell and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW § 198(1)-b (2016).

FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Brummell and the Class Action Members)

64.     Plaintiff Brummell realleges every preceding allegation as if set forth in this cause of action.

65.     Defendants did not provide Plaintiff Brummell and the Class Members with a written wage statement specifying, *inter alia*, their hours worked, compensation rate and any allowances, violating N.Y. LAB. LAW § 195.3.

66.     Due to Defendants' violations of N.Y. LAB. LAW § 195.3 through February 26, 2015, Plaintiff Brummell and the Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $2,500.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW § 198(1)-d (2014).

67.     Due to Defendants' violations of N.Y. LAB. LAW § 195.3 on or after February 27, 2015, Plaintiff Brummell and the Class Members are entitled to recover from Defendants $250.00 for each work day that the violations occurred or continue to

occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW § 198(1)-d (2016).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Brummell, on his and on behalf of the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a.      Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Brummell and his counsel to represent the Class Members;

b.      Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Brummell and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.      A declaratory judgment that the practices complained of herein violate the FLSA and the Labor Law;

d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.      An award for unpaid minimum wage under the Labor Law;

       f.     An award for unpaid overtime premium pay under the Labor Law and the FLSA;

       g.     An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

       h.     An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

       i.     An award of liquidated damages as a result of Defendants' Labor Law violations;

       j.     An award of liquidated damages as a result of Defendants' willful FLSA violations;

       a.     Equitably tolling the statute of limitations under the FLSA;

       b.     An award of pre-judgment and post-judgment interest;

       c.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

       d.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Brummell demands a trial by jury on

all questions of fact the Complaint raises.

Dated: New York, New York
       September 27, 2019

                    LIPSKY LOWE LLP


                    s/ Douglas B. Lipsky
                    Douglas B. Lipsky
                    Christopher H. Lowe
                    Milana Dostanitch
                    420 Lexington Avenue, Suite 1830
                    New York, New York 10170
                    Tel: 212.392.4772
                    Fax: 212.444.1030
                    doug@lipskylowe.com
                    chris@lipskylowe.com

## CONSENT TO BECOME PARTY PLAINTIFF

1.    I consent to be a party plaintiff in a lawsuit against
_K1 HVMC Inc. & Klisnk_ and/or related entities and individuals in order to
seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or
state law.

2.    By signing and returning this consent form, I hereby designate Lipsky
Lowe LLP to represent me in this lawsuit and to make decisions on my behalf concerning
the litigation and any settlement.    I also authorize the representative plaintiffs and
designate them class representatives as my agents to make decisions on my behalf
concerning the litigation, the method and manner of conducting this litigation, the
entering of an agreement with Lipsky Lowe LLP concerning attorneys' fees and costs,
and all other matters pertaining to this lawsuit.  I agree to be bound by any adjudication
of this action by a court, whether it is favorable or unfavorable.


_(signature)_                                                  _1-31-2019_
Signature                                                      Date


_DWAYNE BRUMMELL_
Print Name